IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ERIC SIMPSON                                                                                    PLAINTIFF

v.                                        Civil No. 6:21-CV-06004

CORPORAL HAMILTON                                                                DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Robert T. Dawson, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

Plaintiff filed his Complaint on January 12, 2021. (ECF No. 1). He is currently incarcerated in the Arkansas Department of Corrections ("ADC") Varner Unit, but his claims center on his incarceration in the Arkansas Community Corrections Omega Unit. (ECF No. 1 at 2). Plaintiff alleges that on November 18 and 19, 2020, Defendant Hamilton sexually harassed him. He alleges that on November 18, 2020, between 1:00 p.m. and 3:00 p.m., Defendant Hamilton looked inside Plaintiff's cell in segregation, patted himself on the backside, and stated

1

"the girls love my booty." (*Id*. at 4-5). Plaintiff next alleges that on November 19, 2020, between 1:00 p.m. and 3:00 p.m., Defendant Hamilton came to his cell in segregation and opened the food trap door. When Plaintiff leaned down to hear what he was saying, Hamilton said, "what would you do if the next time I opened this door my penis was in there?" (*Id*.). Plaintiff alleges that on November 19, 2020, between 1:00 p.m. and 3:00 p.m., Hamilton came to Plaintiff's "cell hour" while he and his cellmate were working out and said, "God I wish I had a body like that." (*Id*. at 6). Plaintiff alleges that on both November 18 and 19, 2020, Hamilton asked Plaintiff and his cellmate if they needed a hug on several different occasions. He alleges that Hamilton would say it in a way that made it seem like he would do anything to get close to them or touch them. (*Id*. at 7). Plaintiff alleges that Hamilton's behavior violated the Omega Handbook, which promises that inmates are to be safe and free from physical or verbal abuse. (*Id*. at 5, 6, 7).

Plaintiff proceeds against Defendant Hamilton in both his official and personal capacity. (*Id*. at 5, 6). He seeks compensatory and punitive damages. (*Id*. at 7).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537,

2

541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff fails to allege any plausible constitutional violations. "Verbal threats do not constitute a constitutional violation." *Martin*, 780 F.2d at 1339. Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under section 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation). Even if true, claims based on verbal threats and harassment necessarily fail because they are not cognizable under § 1983. Thus, Plaintiff's claims that Defendant Hamilton subjected him to verbal sexual harassment fail to state a plausible constitutional claim.

Likewise, it is well settled that prisoners do not have a constitutional right to enforce compliance with internal prison rules or regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("there is no federal constitutional liberty interest in having . . . prison officials follow prison regulations"); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) ("there is no § 1983 liability for violating prison policy"). Thus, Plaintiff's claim that Defendant Hamilton violated the Omega Handbook policies fails to state a plausible constitutional claim.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE. The dismissal of this action should constitute a "strike" under 28 U.S.C. § 1915(g), and it is recommended that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of February 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE